UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIBA ENAYAT,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE ELECTRA OWNERS ASSOCIATION, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:21-cv-00634-JO-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 24]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation Conference ("ENE") in this case, currently set for May 13, 2022. ECF No. 24.

Parties seeking to continue an ENE must demonstrate good cause. *See* ECF No. 22 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also, e.g.*, Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties explain that Plaintiff seeks the continuance because she has retained counsel since the ENE was first set in this case on February 11, 2022. ECF No. 24 at 1. Before her attorney Steven M. McKany entered an appearance in the case, Plaintiff was previously proceeding *pro se*. Mr. McKany has a scheduling conflict with the ENE date of May 13 due to travel plans, which he made before Plaintiff retained him as counsel and before the ENE was scheduled. *Id.* Defendant does not oppose the request to continue the ENE to accommodate Mr. McKany's pre-existing travel plans. Moreover, the parties are currently engaged in settlement negotiations to see whether the case can be settled prior to the ENE. *Id.*

Considering the reasons set forth in the Joint Motion for the request, the Court finds good cause to **GRANT** the parties' requested continuance of the ENE. The ENE is hereby **CONTINUED** to **June 15, 2022** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard.

The related deadlines are **RESET** as follows:

1. **Confidential ENE Statements Required:**  No later than **June 8, 2022**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses.

**These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

    A.    the nature of the case and the claims,

    B.    position on liability or defense,

    C.    position regarding settlement of the case with a **specific**[1] **demand/offer for settlement**,[2] and

    D.    any previous settlement negotiations or mediation efforts.

2. **Case Management Conference:** The Court will not yet set a Case Management Conference ("CMC") in the case pursuant to Fed. R. Civ. P. 16(b). If the case does not settle at the ENE, the Court will schedule a CMC after the pending Motion to Dismiss is resolved.

3. No later than **June 8, 2022**, counsel for each party shall send an email to the Court at efile_goddard@casd.uscourts.gov containing the following:

    i.    The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii.    An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    iii.    A **cell phone number for that party's preferred point of**

---

[1] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[2] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

**contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

All other requirements set forth in the Court's previous order setting the ENE (e.g., the required participation of representatives with full settlement authority, professionalism and dress requirements, requirements for extension requests, etc.), remain in place and are incorporated by reference as though fully set forth herein. *See* ECF No. 22. The parties are responsible for reviewing the prior Order and complying with all such requirements, other than the deadlines explicitly reset by this Order.

As before, the ENE will take place via videoconference using the Court's official Zoom.gov account. The parties should also review the Court's prior order setting the ENE for technical guidance regarding the use of Zoom.

**IT IS SO ORDERED.**

Dated: April 21, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge